NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0121n.06

No. 10-3667

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Feb 01, 2012

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| KAREN YAGLEY, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellant, | ) | U N I T E D   S T A T E S |
| | ) | DEPARTMENT OF LABOR |
| v. | ) | ADMINISTRATIVE REVIEW |
| | ) | BOARD |
| OCCUPATIONAL SAFETY & HEALTH | ) | |
| ADMINISTRATION, UNITED STATES | ) | |
| DEPARTMENT OF LABOR, | ) | O P I N I O N |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE:    SUHRHEINRICH, GIBBONS, and McKEAGUE, Circuit Judges.

**PER CURIAM.**    Karen Yagley, a pro se Michigan resident, appeals a decision by the United States Department of Labor's Administrative Review Board ("the Board"). She alleges retaliation in violation of the whistleblower provisions of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2622; Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1367; and the Clean Air Act ("CAA"), 42 U.S.C. § 7622. The Board denied her petition, finding that her complaint named only a state agency as a respondent and thus state sovereign immunity barred suit. Because Yagley has failed to raise the issue on which the Board's decision rests—state sovereign immunity—we find her claims forfeited and **DENY** the petition.

## I. BACKGROUND

Karen Yagley worked as a registered nurse at the Hawthorn Center of Northville, Michigan ("Hawthorn"). Hawthorn is an agency of the Michigan Department of Community Health that provides psychiatric services to children and adolescents. In 2001, Hawthorn began renovating the wing of the facility where Yagley worked. The renovations created dust. On April 9, 2001, Yagley filed a complaint with the Michigan Occupational Safety and Health Administration, alleging that the dust and byproducts of the renovation were creating hazardous workplace conditions. In November 2004, Yagley filed two more complaints regarding the workplace conditions at Hawthorn: one with the Environmental Protection Agency, and the other with the Joint Commission on Accreditation of Hospital Organizations.

On April 12, 2002, Yagley filed a claim for long-term disability benefits. Under the policy, Yagley was entitled to twenty-four months of benefits. She began receiving the benefits in July 2002. In June 2003, her disability benefits were discontinued due to an eligibility dispute. Yagley challenged the ineligibility determination, and her benefits were reinstated effective November 12, 2003. Her benefits continued to be paid through March 1, 2005, for a total of twenty-five and one-half months of coverage. Yagley was subsequently notified that the extra payments were due to a miscalculation of the benefits period and that the plan administrator would not seek repayment.

On March 25, 2005, Yagley filed a whistleblower complaint with the Occupational Safety and Health Administration ("OSHA"), complaining that her disability benefits had been terminated by Hawthorn in retaliation for her complaints regarding workplace conditions ("*Yagley I*"). Yagley alleged that Hawthorn's actions violated the whistleblower protection provisions of the CAA and TSCA. OSHA investigated Yagley's complaint and found "no reasonable cause to believe that

[Hawthorn] violated [her] rights under TSCA or CAA." OSHA concluded that the termination was in accordance with the benefits plan and not a result of any improper action by Hawthorn.

Yagley objected to OSHA's findings and requested a hearing before an administrative law judge ("ALJ"). Before the hearing commenced, the ALJ granted Hawthorn's motion for a summary decision. The ALJ found that because Hawthorne Center is a facility owned and operated by the Michigan Department of Health, it was protected by state sovereign immunity under the Eleventh Amendment. Specifically, the ALJ found that Congress did not expressly abrogate state sovereign immunity under 42 U.S.C. § 7622 of the CAA or 15 U.S.C. § 2622 of the TCSA and that the state of Michigan had not waived its sovereign immunity. The ALJ recommended dismissal of the complaint. *Yagley v. Hawthorne Ctr.*, No. 2005-TSC-0003, ALJ's Decision and Recommended Order (Dep't of Labor Dec. 30, 2005).

Yagley appealed the ALJ's decision to the Board. The Board affirmed the ALJ's recommended dismissal on sovereign immunity grounds. *Yagley v. Hawthorn Ctr.*, No. 06-042, 2008 WL 2265205 (Dep't of Labor May 29, 2008). Yagley appealed the Board's decision to this court but voluntarily moved to dismiss her appeal after briefing. Her motion to dismiss was granted. *Yagley v. OSHA*, No. 08-3922 (6th Cir. June 29, 2009).

On July 25, 2008, Karen Yagley and her husband, Christopher Yagley, filed a new whistleblower complaint with OSHA, alleging continued retaliation, discrimination, and harassment in violation of the whistleblower provisions of the CAA, FWPCA, and TSCA. On November 6, 2008, OSHA dismissed the complaint on the grounds that it was a reiteration of the complaint that Karen had filed in 2005.

The Yagleys appealed the dismissal of the OSHA complaint to an ALJ. On January 26, 2009, the ALJ concluded that the Board's decision in *Yagley I* was controlling and dismissed the complaint. On January 30, 2009, the ALJ reopened the case to address a number of documents that had been faxed by the Yagleys prior to the ALJ's decision but after the briefing deadline had passed. One of the documents was a motion to amend the complaint to include non-government respondents. Despite the untimeliness of the filings, the ALJ reopened the case for the limited purpose of reviewing whether the July 2008 complaint included charges of whistleblower retaliation against non-governmental entities. The ALJ directed OSHA to file with the court a copy of that complaint. *Yagley v. Hawthorn Ctr.*, No. 2009-CAA-00002, Order Reopening Complaint (Dep't of Labor January 30, 2009).

On February 5, 2009, the ALJ issued a new decision. Upon review of the July 2008 complaint, the ALJ found that it did not name a particular respondent but alleged a charge of "continued retaliation, discrimination and/or harassment." Thus, the ALJ concluded that the complaint could only be construed as being filed against the only respondent in *Yagley I*—Hawthorn—and reaffirmed its January 26 decision dismissing the complaint on the basis of *Yagley I*. The ALJ noted that the Yagleys had adequate time to request amending their complaint before the briefing deadline expired on January 16, 2009, and then denied as untimely the Yagleys' motion to add more respondents. *Yagley v. Hawthorn Ctr.*, No. 2009-CAA-00002, ALJ Decision and Order (Dep't of Labor February 5, 2009).

The Yagleys appealed the ALJ's decision to the Board. The Board directed that a list of the respondents, with their addresses and proof of service, be filed with the Board no later than August

28, 2009. The Yagleys filed motions with the Board seeking to refer the matter to a settlement judge, attempting to clarify the Board's order requiring the identification of the respondents, and requesting a two-month extension to comply with the order. *Yagley v. Hawthorn Ctr.*, No. 09-061, Order Requiring Petitioners to Identify Respondents (Dep't of Labor August 7, 2009). The Board denied the motions on September 11, 2009.

On December 4, 2009, the Board issued a show-cause order as to why the claim should not be dismissed for failure to file a brief. *Yagley v. Hawthorn Ctr.*, No. 09-061, Order to Show Cause (Dep't of Labor Dec. 4, 2009). Karen Yagley responded that her illness had caused the delay and sought further time to file her opening brief. On February 1, 2010, the Board denied the motion and issued an amended briefing schedule allowing the Yagleys to file a reply brief should a response brief be filed. The Yagleys submitted a response to the Board's order on March 31, 2010, which alleged further harassment from Hawthorn and made other allegations against the State of Michigan, OSHA, and the ALJ. The brief did not address the issue of sovereign immunity. On April 30, 2010, the Board issued its final decision, finding that the Yagleys' July 2008 complaint could not reasonably be construed as naming any respondent other than Hawthorn, the ALJ properly dismissed their attempt to amend the complaint to name more respondents, and suit was barred by the Eleventh Amendment. *Yagley v. Hawthorn Ctr.*, No. 09-061, 2010 WL 1776981 (Dep't of Labor April 30, 2010).

In their timely appeal, the Yagleys argue that Karen Yagley has been denied whistleblower protections and that her complaints of retaliation, harassment, and labor law violations have never been investigated. They assert that unidentified rules and procedures of the Department of Labor

have been violated. The Yagleys have also filed two additional motions: (1) a motion for clarification that recites grievances concerning the agency proceedings and (2) a motion to amend their brief that requests Christopher Yagley be removed from the appeal and recites further grievances concerning the handling of Karen Yagley's whistleblower complaints.

## II. DISCUSSION

### A. Standards of Review

Judicial review of an agency's final decision is governed by the standards set out in the Administrative Procedure Act, 5 U.S.C. § 701 *et seq. See* 15 U.S.C. § 2622(c)(1); 42 U.S.C. § 7622(c)(1). The court must set aside the Board's findings that are unsupported by substantial evidence or are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (E). Though the court gives deference to an agency's interpretation of the statute it administers, *see Am. Nuclear Res., Inc.*, 134 F.3d 1292, 1294 (6th Cir. 1998) (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)), sovereign immunity is a jurisdictional question that is reviewed de novo. *See, e.g.*, *Timmer v. Mich. Dep't of Commerce*, 104 F.3d 833, 836 (6th Cir. 1997) (state sovereign immunity is a question of law that is reviewed de novo); *Layton v. Merritt Sys. Prot. Bd.*, 392 F. App'x 875, 878 (Fed. Cir. 2010) (whether agency had jurisdiction is reviewed de novo). "Factual findings underlying the Board's jurisdictional conclusions, however, are entitled to deference unless unsupported by substantial evidence." *Layton*, 392 F. App'x at 878–79.

### B. Analysis

As an initial matter, we grant the request to remove Christopher Yagley from this appeal and consider the petition only as it relates to Karen Yagley.

It is well established in this court that any claims not raised on appeal are considered abandoned and thus not reviewable. *E.g.*, *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir. 1991). The Board's decision being appealed here decided two issues: (1) that Hawthorn is the only respondent in this matter and (2) suit against Hawthorn is barred by state sovereign immunity. Petitioner has failed to argue either issue in her opening brief. She mentions in her reply brief that "a State does not have the rights to sovereign immunity in all cases," but this court has consistently held that it will not consider arguments made for the first time in a reply brief. *E.g.*, *Am. Trim, LLC v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004). Further, "an issue is deemed forfeited on appeal if it is merely mentioned and not developed." *Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008).

Of course, pro se litigants are to be afforded liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). And, this court recognizes exceptions to the general rule that issues cannot be raised for the first time in a reply brief: where doing so would "result in a plain miscarriage of justice," *Am. Trim*, 383 F.3d at 477; where "the issue raised is purely one of law requiring no new or amplified factual determination," *Logan v. Denny's Inc.*, 259 F.3d 558, 570 n.6 (6th Cir. 2001) (internal quotations and alterations omitted); or where an appellee raises an argument not addressed by the appellant in its opening brief, *Holloway v. Brush*, 220 F.3d 767, 773–74 (6th Cir. 2000) (en banc).

While Petitioner here meets the latter two exceptions, her claims are forfeited because she has failed, during the entire course of this protracted litigation, to develop any argument on the key issue of state sovereign immunity. *See Vance*, 546 F.3d at 781. Petitioner has been on notice since December 30, 2005, when *Yagley I* was first dismissed, that sovereign immunity was the hurdle she needed to clear in order to sue Hawthorn. Yet, since that initial decision, Petitioner has failed to either timely cure her defective complaints (neglecting to name *any* respondent in the second complaint) or develop an argument on sovereign immunity. Even considering her pro se status, Petitioner has been given as much leeway as she is entitled. Further, we do not believe a miscarriage of justice is a concern here, where OSHA investigated Petitioner's retaliation claim and concluded it was without merit.

## III. CONCLUSION

For the reasons above, we **DENY** Petitioner's claims as forfeited, **DENY** the motion for clarification as moot, and **DENY** the motion to amend the brief beyond the limited request to remove Christopher Yagley from the appeal.